UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN JOSEPH FORJONE, etc., et al.,

                *Plaintiff,*

   vs.

The States of CALIFORNIA, et al.,                06-CV-0080 A (Sc)

                *Defendants,*
_____


## MOTION TO DISMISS, CHANGE VENUE,
## OR FOR A MORE DEFINITE STATEMENT


| | |
|---|---|
| MOTION BY: | Defendant County of Erie |
| RELIEF SOUGHT: | Dismissal of complaint pursuant to Rules 12(b)(6); or change of venue to Northern District of New York, pursuant to 28 U.S.C. § 1404 (a); or order requiring plaintiffs to file a more definite statement, pursuant to Rule 8(a) of the F.R.Cv.P. |
| RETURNABLE: | At a date and time to be set by the Court, at U.S. Court House, 68 Court Street, Buffalo, New York 14202 |
| SUPPORTING PAPERS: | Declaration of Joseph F. Reina, Esq. dated March 21st, 2006. |
| DATED:    Buffalo, New York<br>             March 21st, 2006 | |

                    LAURENCE K. RUBIN, ESQ.
                    Erie County Attorney
                    Attorney for Defendant

                    By  /s/ Joseph F. Reina
                       Joseph F. Reina, Esq.
                    Assistant Erie County Attorney
                    69 Delaware Avenue, Suite 300
                    Buffalo, New York 14202
                    [716] 858-2200
                    E-mail: Reinaj@erie.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN JOSEPH FORJONE, etc., et al.,

                        *Plaintiff,*

      vs.

The States of CALIFORNIA, et al.,                      06-CV-0080 A (Sc)

                        *Defendants,*
_____

**DECLARATION IN SUPPORT OF MOTION BY
ERIE COUNTY TO DISMISS COMPLAINT, OR
CHANGE OF VENUE, OR FOR A MORE
DEFINITE STATEMENT**

        Joseph F. Reina, declares under penalty of perjury as follows:

        1.    I am an Attorney at Law duly admitted to practice in this Court, and I am an Assistant Erie County Attorney to Laurence K. Rubin, Erie County attorney and attorney for defendant, County of Erie.

        2.    This Declaration is submitted in support of the motion of Erie County which includes the Erie County Board of Elections, [improperly sued herein as a "Municipal Board of Elections"], hereinafter jointly referred to as "Erie County", for an Order dismissing the complaint for failure to state a claim against Erie County. Alternatively, Erie County requests that this action be transferred to the Northern District of New York where plaintiffs have a

similar action pending, or that the Court order plaintiffs to serve and file a more definite statement of their claims.

      3.    It should be beyond dispute that the complaint is difficult to read. Nevertheless, Erie County feels that the common criticism which seems to weave itself through the complaint is (i) the alleged unfair allocation of payments made to the states in order to implement computerized statewide voter registration lists as provided for in the HELP AMERICA VOTE ACT, ("HAVA"), 42 U.S.C. §15301, *et seq.*, and (ii) the alleged failure of some or all of the states named as defendants to implement such statewide lists.

      4.    First, the complaint claims that it would be more equitable to use the more restrictive "Citizens Voting Age Population" in the place of "Voting Age Population" as the measure by which payments are made to the states. (¶¶ 22-25)[1].

      5.    Second, the complaint seems to claim that New York is not compliant with the requirement to implement computerized statewide voter registration lists, and as a result thereof, the present day Senate, Assembly and Judicial district boundaries are no longer compliant with the New York State Constitution.

      6.    The Complaint alleges six causes of actions. Only two of them mention "municipalities". The fifth cause of action, (¶48), alleges that the municipalities, along with both the federal and state defendants, cost the taxpayers money because of the alleged failure to implement a computerized statewide voter registration list. However, as it relates to Erie County, there is no provision in HAVA obligating any County to implement such a list. A reading of the relevant section, 42 U.S.C. ¶15483, reveals no reference to a county when discussing the implementation of such a list and/or a legal duty to do so.

---

[1] References to paragraphs refer to paragraphs of the complaint.

7.	The sixth cause of action, (¶ 49), alleges that the municipalities, along with the federal and state defendants, are continuing to draw various election district boundaries in a manner not compliant with various states' constitutions.  With regard to Erie County's ability to draw election district boundaries, Erie County adopts and repeats the argument made by Assistant Attorney General Peter B. Sullivan, in his memorandum, (Point II @ pg.6), submitted in support of defendants', Eliot Spitzer, New York State Attorney General and the New York Secretary of State, motion to dismiss, change venue or for a more definite statement.  Mr. Sullivan's argument negates any assumption that counties have the power to alter the election district boundaries;  "The current district boundaries in New York were defined by the New York State Legislature in April of 2002, following the 2000 census. Rodriquez v. Patecki, 308 F. Supp. 2d 346, 351 (S.D.N.Y. 2004) (three judge court).  The districts are defined by statutes enacted and amended from time to time by the Legislature. *See, e.g.*, New York Law § 111 (congressional districts); § 121 (assembly districts); § 124 (senate districts); and New York Judiciary Law §140 (judicial districts).  In enacting these provisions the legislature was acting pursuant to its authority under the New York State Constitution, article III § 4."

8.	Further, Erie County agrees that plaintiffs lack standing to commence this litigation.  Erie County adopts the arguments made by Mr. Sullivan under Point III of his memorandum with regard to plaintiffs' lack of standing and the inability to commence a private cause of action under HAVA.   In regard to Mr. Sullivan's reference to taxpayer actions, (pg.10), Erie County adds only that plaintiffs have not alleged that one or more of them are persons who own real property in and pay real property taxes to Erie County.  Nor have plaintiffs otherwise

alleged that they have brought a taxpayer action or have standing to bring a taxpayer action against Erie County.

        9.     Finally, in the event the complaint is not dismissed, Erie County joins in the alternative relief requested by the Attorney General and Secretary of State for the reasons stated under Points IV and V of Mr. Sullivan's memorandum.

DATED:    Buffalo, New York
                March 21st, 2006

                                                Respectfully submitted,

                                                LAURENCE K. RUBIN, ESQ.
                                                Erie County Attorney
                                                Attorney for Defendant
                                                County of Erie

                                                By <u>/s/ Joseph F. Reina</u>
                                                   Joseph F. Reina, Esq.
                                                Assistant Erie County Attorney
                                               69 Delaware Avenue, Suite 300
                                               Buffalo, New York 14202
                                               [716] 858-2200
                                               E-Mail: [Reinaj@erie.gov](mailto:Reinaj@erie.gov)

## CERTIFICATE OF SERVICE

I certify that on March 22nd, 2006, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECP participant(s) in this action:

Peter B. Sullivan
NYS Attorney General
107 Delaware Avenue, Fourth Floor
Buffalo, New York 14202
[716] 853-8473
E-mail Peter.Sullivan@oag.state.ny.us

Jeremy A. Colby
1400 Liberty Building
Buffalo, New York 14202
[716] 842-2800
E-mail: jcolby@websterzanyi.com

Michael E. Davis
39 West Main Street, Room 307
Rochester, New York 14616
[585] 428-3207
E-mail: mdavis@monroecounty.gov


I also certify that I have mailed the foregoing Motion and Declaration, by the United States Postal Service, to the following non-CM/ECF participant(s):


Dan DelPlato
50 Chandler Ave.
Batavia, NY 14202

John-Joseph Forjone
P.O. Box 28

5367 Upper Holley Road
Clarendon, NY 14429

Edward M. Person, Jr.
392 Saldane Ave.
North Babylon, NY 11703

Gabriel Rassano
135 Gordon Place
Freeport, NY 11520

Christopher Earl Strunk
593 Vanderbilt Avenue -281
Brooklyn, NY 11238

Wayne Mack
1178 Indian Church Road
West Seneca, New York 14224

Francine A. Chavez
NM Attorney General's Office
P.O. Drawer 1508
Santa Fe, NM 87504
US
[505] 827-6920


DATED:   Buffalo, New York
         March 22nd, 2006

                                                    Yours,

                                                    LAURENCE K. RUBIN, ESQ.
                                                    Erie County Attorney and Attorney
                                                    For Defendant County of Erie

                                                    By /s/ Joseph F. Reina
                                                        Joseph F. Reina, Esq.
                                                    Assistant Erie County Attorney
                                                    69 Delaware Avenue
                                                    Buffalo, New York 14202
                                                    [716] 858-2200
                                                    E-mail: Reinaj@erie.gov