UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JOHN JOSEPH FORJONE, et al.,

                        Plaintiffs,

                                                              DECISION AND ORDER
              v.                                                06-CV-080A

UNITED STATES ELECTION ASSISTANCE
COMMISSION BY THOMAS R. WILKE, et al.,

                        Defendants.

───────────────────────────────

## **INTRODUCTION**

Plaintiffs John Joseph Forjone, Wayne Mack, Dan Delplato, Jr., Gabriel Razzano, Edward M. Person, Jr., and Christopher Earl Strunk, all appearing *pro se*, commenced the instant action on February 6, 2006. The original complaint named approximately 70 defendants, including the United States Election Assistance Commission, the United States Department of Justice, the States of New York, California, Oregon, Nevada, Arizona, New Mexico and Texas, the New York State Secretary of State, the New York State Attorney General, the New York State Board of Elections, 57 counties in the State of New York and their respective boards of elections, the City of New York, and the Borough President of Brooklyn.

Although unintelligible, the original complaint appeared to complain about the manner in which New York and other states are implementing the Help America to Vote Act ("HAVA"), Pub. L. No. 107-252, Title III, § 302, 116 Stat. 1706 (codified at 42

U.S.C. § 15301). The complaint also appeared to allege that New York and its counties have failed to meet the mandates of HAVA, and have unlawfully apportioned their congressional, legislative and judicial districts.

In response to the complaint, various defendants moved to dismiss the complaint or, in the alternative, for transfer of venue to the Northern District of New York, where there is pending a similar action previously filed by some of the same plaintiffs in this case. See Loeber v. Spargo, 04-CV-1193 (N.D.N.Y.).

The Northern District initially granted defendants' motion to dismiss the Loeber action and plaintiffs appealed. The Second Circuit Court of Appeals reinstated part of plaintiffs' claims and remanded the action to the Northern District with the direction that plaintiffs be allowed to file an amended complaint. The amended complaint was filed on November 21, 2005, and to the Court's knowledge, is presently pending.

On February 27, 2006, almost immediately after commencement of the instant action, the Loeber plaintiffs moved in the Norther District for a change of venue to this District. Plaintiffs' motion was based, at least in part, on their dissatisfaction with the progress in the Loeber action.

On March 28, 2006, this Court issued a Decision and Order which, *inter alia*, ordered plaintiffs to file an amended complaint and to show cause why this action should not be dismissed or, in the alternative, transferred to the Northern District of New York. On May 2, 2006, plaintiffs filed their response to the Court's March 28th Order,

which included a proposed amended complaint.[1]  Thereafter, various defendants moved to dismiss the amended complaint or, in the alternative, for transfer of venue.

After reviewing the submissions of the parties, the Court hereby grants defendants' motion to transfer the instant action to the Northern District of New York.

## **DISCUSSION**

The Second Circuit has held that where two competing lawsuits have been filed in different jurisdictions, the first action filed is given priority and the second action may be suspended or transferred in the interests of judicial economy.  <u>First City Nat. Bank & Trust Co. v. Simmons</u>, 878 F.2d 76, 79 (2d Cir.1989).  The Supreme Court has articulated the test to be "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ."  <u>Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.</u>, 342 U.S. 180, 183 (1952).

Although the original complaint and the amended complaint in the instant action, and the complaint in the <u>Loeber</u> action, are all difficult if not impossible to understand, it appears that the two actions are substantially similar, if not identical.  Four of the plaintiffs in the <u>Loeber</u> case are plaintiffs in this case.  The claims asserted in the <u>Loeber </u>action, like the claims in this action, involve voting in New York and HAVA.  In fact, the twelve claims of injury contained in the complaint in this case are identical to the twelve claims of injury in the <u>Loeber</u> amended complaint.  Further,

---

[1] The proposed amended complaint appears to assert the same or similar claims as those asserted in the original complaint, and names the same defendants.  The amended complaint did, however, drop Wayne Mack as a plaintiff.

although denominated differently in some instances, the defendants in the two actions are virtually identical. The plaintiffs, at least impliedly, recognized the substantial similarity between the two actions when they moved to transfer the <u>Loeber</u> case to this District.

Because the two actions are basically the same, under the Second Circuit's "first-to-file" rule, the <u>Loeber</u> action, which was the first action filed, should be given priority. The <u>Loeber</u> case has been pending significantly longer and has already been appealed to and remanded by the Second Circuit. The transfer of the instant case to the Northern District will conserve judicial resources and reduce, if not eliminate, the risk of inconsistent results. In addition, in their motion to transfer the <u>Loeber</u> case to this District, the <u>Loeber</u> plaintiffs indicated that the instant action was filed because they were dissatisfied with the progress of the <u>Loeber</u> case. Such an attempt to forum shop cannot be countenanced. Plaintiffs chose the Northern District as the venue in which to file their lawsuit. They cannot now seek a new venue simply because they are unhappy with their first choice.

## **CONCLUSION**

For the reasons stated, the Court grants defendants' motion to transfer the instant action to the Northern District of New York. The Clerk of Court is hereby ordered to take all steps necessary to transfer the case to the Northern District.

IT IS SO ORDERED.

                        /s/ Richard J. Arcara
                        HONORABLE RICHARD J. ARCARA
                        CHIEF JUDGE
                        UNITED STATES DISTRICT COURT

DATED: August 14 , 2006